IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| EVA LYNN BLAIR,<br>    Plaintiff, | * * * * | |
| v. | * * * | Civil Action No. 8:09-cv-00906-AW |
| NATIONAL CITY MORTGAGE<br>CORPORATION WELFARE BENEFITS<br>PLAN., *et al.*,<br>    Defendants. | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

Plaintiff Eva Lynn Blair brought this action against Defendants National City

Corporation ("National") and The Liberty Life Assurance Co. of Boston, a/k/a Liberty Mutual

Group ("Liberty"), for wrongly terminating Plaintiff's long-term disability ("LTD") benefits.

Specifically, Plaintiff sought to recover LTD benefits pursuant to section 502(a)(1)(B) of the

Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132(a)(1)(B). The

Court granted Defendants' motion for summary judgment, closing the case, on June 20, 2011.

Doc. No. 40. The Court granted Defendants' motion because it determined that denial of benefits

was proper in light of the unambiguous language of the Plan's Termination Clause, which

Plaintiff breached. Currently pending before the Court is Plaintiff's motion for reconsideration

under Federal Rule 59(e). Doc. No. 41. For the reasons articulated below, the Court DENIES

Plaintiff's motion.


I.      FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the Court's Memorandum Opinion. *See* Doc. No. 39.

Plaintiff worked as a Sales Support Assistant for National, and therefore she participated in the

National City Corporation Welfare Benefits Plan ("Plan"). *See* Doc. No. 29-6 ("Administrative

Record," or "AR"). Liberty is the underwriter of the Plan and is responsible for all aspects of

claim administration. *See* Compl. ¶ 6. In particular, the Plan is an employee welfare benefit plan

as defined by ERISA and created pursuant to section 1002(1). *See* 29 U.S.C. § 1002(1); AR at

554. Under the terms of the Plan, a participant is eligible for LTD benefits when he or she

becomes injured or ill while covered by the Plan. AR at 437. The injury or illness must prevent

the participant from performing the functions of his or her position with National or a job with

equivalent duties and responsibilities. *Id.* at 437. The Plan Administrator, National, determines

whether the participant's disability meets the above requirements. *See id.* at 437, 454.

On January 4, 2007, Plaintiff reported to National that she could no longer perform full-

time work due to her medical condition,[1] and thus she submitted a claim for short-term benefits.

*See* AR at 24. Short-term benefits were granted by Liberty to Plaintiff on March 1, 2007 and

made retroactive to February 5, 2007. *See id.* at 18. Shortly thereafter, on March 18, 2007,

Plaintiff sent a letter to Liberty stating that she was unable to work beyond July 4, 2007. *See id.*

at 125-26. Consequently, she requested LTD benefits. *See id.* After an exhaustive review, Liberty

determined on October 10, 2007 that Plaintiff was eligible for LTD benefits. *Id.* at 3. Liberty sent

an approval letter to Plaintiff on the same day, which outlined the criteria for receiving LTD

benefits. *Id.* at 90. Specifically, Liberty noted that "payment of future benefits depends on

certification of continuing disability, and on other applicable plan provisions. If you no longer

meet the plan requirements . . . your employment may be terminated at that time." *Id.*

---

[1]Plaintiff suffers from sensory fibromyalgia, peripheral neuropathy, osteoarthritis, degenerative disk disease of both the lumbar and cervical spine, and restless legs syndrome. *See* AR at 82.

On October 22, 2007, Plaintiff informed Liberty that she was working part-time for Catriona's Castle. *See id.* at 78. At Liberty's request, Plaintiff faxed a handwritten paystub, which demonstrated that Plaintiff had worked for Catriona's Castle beginning September 15, 2007. *See id.* at 89. On October 23, 2007, Liberty determined that Plaintiff's work with Catriona's Castle was not approved under the Plan and that her LTD benefits were no longer payable. *See id.* at 78, 446. As a result, Liberty notified Plaintiff by letter that it was denying her LTD benefits. *Id.* at 77-79. Liberty spoke directly to Plaintiff about her part-time job and how it violated the terms of the Plan on October 25, 2007. *Id.* at 2.

## II.     STANDARD OF REVIEW

Under Rule 59(e), a Court can amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Reconsideration is, however, an extraordinary remedy. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## III.    ANALYSIS

Plaintiff seeks reconsideration on the grounds that the Supreme Court's ruling in *Cigna v. Amara*, 131 S. Ct. 1866 (2011), constitutes an intervening change in controlling law. In *Cigna*, the Supreme Court held that disclosures set forth in a summary plan description do not constitute the actual terms of an employee benefit plan for purposes of section 502(a)(1)(B), and to the extent that a summary plan description conflicts with the controlling plan, a district court lacks

3

authority to reform the plan as written. *See* 131 S. Ct at 1878. After reviewing the evidence, arguments, and the *Cigna* decision, however, the Court continues to find that Plaintiff's benefits were not wrongly terminated by Liberty. *Cigna* simply does not apply in this case, where the Court's holding was premised on the unambiguous language of the Plan's Termination Clause. As the Court stated in granting Defendants' motion for summary judgment:

> None of the Plaintiff's arguments address the central reason why the Defendants are entitled to summary judgment: the Termination Clause. It is undisputed that the Plaintiff worked at Catriona's Castle both before and after she was granted LTD benefits, and the Termination Clause expressly states that the Plaintiff is only entitled to benefits "until . . . the date the Participant becomes engaged in gainful employment other than . . . any approved by the Named Fiduciary as a Qualified Rehabilitation Program."

Doc. No. 39 at 5.

Plaintiff contends that under *Cigna*, a court may fashion an equitable remedy under section 502(a)(3) where there can be no relief under section 502(a)(1)(B). The Court is not persuaded by Plaintiff's argument for several reasons. First, even if the Court may in its power grant equitable relief under section 502(a)(3), the granting of such relief would be improper here where Plaintiff was denied benefits pursuant to the unambiguous language of the Plan's Termination Clause. Moreover, Plaintiff's claim for equitable relief under section 502(a)(3) is improper because section 502(a)(1)(B) is the appropriate vehicle for Plaintiff's LTD benefits claims. *See England v. Marriot Int'l, Inc.*, 764 F. Supp. 2d 761, 779 (D. Md. 2011) ("where a plaintiff can obtain complete relief under Section 502(a)(1)(B), for example, where he seeks only the payment of benefits under the terms of his ERISA plan, he cannot simultaneously bring a claim under Section 502(a)(3).").

Although Plaintiff argues that her claim for breach of fiduciary duty under section

502(a)(3) is not a new claim, Plaintiff's sole claim throughout this case has been for payment of

LTD benefits under ERISA section 502(a)(1)(B). *See* Doc. No. 1. A party may not raise new

arguments that could have been raised before the judgment as grounds to alter the earlier

judgment. *Pac. Ins. Co.*, 148 F.3d at 403.


**IV.  CONCLUSION**

The Court has reviewed this case and finds that Plaintiff's motion fails to demonstrate an

intervening change in controlling law for which reconsideration is appropriate. For the foregoing

reasons, the Court will DENY Plaintiff's motion for reconsideration. A separate order will

follow.


 September 2, 2011                                      /s/
       Date                                    Alexander Williams, Jr.
                                               United States District Judge